[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (DOCKET ENTRY NO. 102)
The plaintiff, Carolyn Hargrave, filed a complaint on January 18, 2000, alleging that the defendant, Farmington Casualty Company, refused to pay the plaintiff for the plaintiff's losses under an insurance policy that it had issued to her. In addition, the plaintiff alleges substantial monetary losses and continued emotional distress because of the defendants refusal to pay under the policy. The plaintiff further alleges that the defendant has violated CUIPA, General Statutes § 38a-815, and CUTPA, General Statutes § 42-110a.
On April 22, 2000, the defendant filed a motion to strike the CUIPA claim (count two) on the ground that one incident does not constitute a general business practice, and the CUTPA claim (count three) on the ground that the CUTPA claim would not survive the failure of the CUIPA claim. As required by Practice Book § 10-42(a), the defendant has filed a memorandum in support of its motion to strike. The plaintiff, however, has not filed a memorandum in opposition as required by Practice Book § 10-42(b).[1]
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted.' (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted). Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
"[C]laims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct." Mead v. Burns,199 Conn. 651, 659, 509 A.2d 11 (1986). Alleging "improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a general business practice'. . . ." Lees v. Middlesex Ins.Co., 229 Conn. 842, 849, 643 A.2d 1282 (1994)
The plaintiff merely alleges in count two the defendant's refusal to make payments to the plaintiff under the single policy. Under the holding of Lees v. Middlesex Ins. Co., supra, 229 Conn. 849, the plaintiff merely alleges an isolated incident, which does not constitute a general business practice.
Further, the Mead v. Burns court clearly enunciated that claims of unfair settlement practices under CUIPA require a showing of more than a CT Page 14384 single act of insurance misconduct, and that absent a CUIPA violation a CUTPA claim does not lie.
Accordingly, the defendant's motion to strike counts two and three of the plaintiff's complaint is granted.
SKOLNICK, J.